## W. A. BAUNE v. EMMA HEISKARY SOLHEIM and Another.[1]

April 23, 1915.

Nos. 19,137—(86).

**Negligence of notary public.**

> In an action against a notary public and his surety for negligence in making a certificate of acknowledgment, *held:* That there is evidence sufficient to sustain both the general and special verdicts for defendants.

Action in the district court for St. Louis county against Emma Heiskary Solheim and M. N. Triplett, one of the sureties on her notarial bond, to recover $1,300 for making a false certificate of acknowledgment. The case was tried before Ensign, J., and a jury which returned an affirmative answer to the question whether Mrs. Stein appeared before defendant Solheim and signed and acknowledged the mortgage, and a general verdict in favor of defendants. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*Haroldson & Colton* and *Cotton, Neukom & Colton,* for appellant.
*Baldwin, Baldwin & Holmes,* for respondent.

[1] Reported in 152 N. W. 266.

SCHALLER, J.

This action was brought to recover damages sustained by reason of an alleged false and fraudulent certificate of acknowledgment attached by the defendant notary public to a mortgage executed by William Stein in favor of the plaintiff. The defendant Triplett is one of the sureties on the notarial bond.

William Stein was indebted to plaintiff. To secure his indebtedness, and the discharge of certain chattel mortgages, the plaintiff and Stein agreed that the latter should execute a note secured by a mortgage on certain land owned by him, including his homestead. The note and mortgage were duly prepared by plaintiff and signed by Stein, who took possession of the mortgage for the purpose of having it executed and acknowledged by his wife.

On the same day Stein appeared at the bank at Floodwood, in company with two other men and a woman. He informed the defendant Solheim that his wife wished to sign and acknowledge the mortgage already signed by him, which he produced. Defendant Solheim tendered the document to the woman to sign. The woman said that she did not know how to write. Defendant thereupon handed her a slip of paper and told her to write on that, which was done. Thereupon defendant said to the woman that she could write as well as any one, and gave her the mortgage to which she affixed the name "Fiina Stein." Thereupon the defendant took the acknowledgment of William Stein and of this woman, certifying that she was Fiina Stein, the wife of said William Stein. Defendant said: "We have got to have some witnesses." The two men who came in with Stein and the woman, said they did not know how to write. The defendant notary and Mr. Rutherford then witnessed the signatures. The papers were then handed back to Stein and were afterwards delivered to the plaintiff and duly recorded.

Some time thereafter plaintiff instituted proceedings to foreclose this mortgage, whereupon an action was brought against this plaintiff by Fiina Stein, in which it was claimed that the said mortgage included the homestead of William Stein, her husband, and that she had never signed or acknowledged it. The plaintiff defended, but neither of these defendants were made parties to or participated in

the defense.   The action was tried and judgment was entered therein in favor of Fiina Stein and against this plaintiff.   Thereupon this action was brought.

The defendants allege that said mortgage was really signed and acknowledged by Fiina Stein, and, further, that the defendant Solheim was not guilty of negligence in taking the acknowledgment.

The jury found a general verdict in favor of the defendants and also, by a special verdict, found that Mrs. Fiina Stein appeared before the defendant and signed and acknowledged the mortgage in question.

Plaintiff made a blended motion for judgment notwithstanding the verdict or for a new trial, both of which motions were denied by the court.   The appeal is from the order denying said motion.

The question which meets us on the threshold of this inquiry is whether there was evidence sufficient to sustain the general and special verdicts herein.   We have examined the record carefully and our conclusion is that the evidence was amply sufficient to sustain both.

As often occurs in cases of this kind, there was a sharp conflict of evidence, but the whole controversy was submitted to the jury with proper instructions.   The district court has not disturbed the verdicts, and we cannot say that its decision was wrong.

The orders appealed from must be affirmed.